IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,323-02






EX PARTE KEVIN DEWAYNE FLOWERS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 78743-A IN THE CRIMINAL DISTRICT COURT


FROM JEFFERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to thirty (30) years' imprisonment. The Ninth Court of Appeals affirmed his
conviction. Flowers v. State, No. 09-02-348-CR, (Tex. App. - Beaumont, 2004, no pet. ) (not
designated for publication). 

 Applicant alleges that counsel was ineffective because he failed to object when the State
introduced evidence of an unadjudicated aggravated sexual assault of a child offense in the guilt
phase. Also, Applicant alleges that counsel was ineffective for eliciting testimony from Applicant
and the complainant concerning various unadjudicated offenses in the guilt phase. Also, Applicant
alleges that counsel was ineffective for failing to request a limiting instruction with regards to the
jury's use of the extraneous offense evidence at the time the extraneous offense evidence was
admitted into evidence. Finally, Applicant alleges that counsel rendered ineffective assistance
because counsel advised him to plead true to enhancement paragraphs at punishment. Applicant
contends that one of the offenses used to enhance had a probated sentence and thus could not be
validity be used to enhance punishment. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d) to resolve the fact issues. The trial court shall order the Assistant District Attorney who
prosecuted this case to file an affidavit addressing the following: (1) whether Applicant has any
other prior felony convictions from Texas or any other jurisdiction which could be substituted for
the probated sentence to properly enhance punishment to the second degree felony punishment
range; and, (2) whether the alleged enhancement error in this case could be cured by entering a
judgment nunc pro tunc. Further, the trial court shall supplement the record with copies of the
indictments and judgments in the causes which were used to enhance punishment in this cause. The
trial judge shall also supplement the record with copies of the indictments and judgments in the
causes from Texas or any other jurisdiction which the State could have used to properly enhance
punishment to the second degree felony punishment range in this cause. The trial judge shall also
supplement the record with copies of the court reporter's notes from the guilt phase and the
punishment phase of trial. Finally, the trial judge shall supplement the record with a copy of the jury
instructions given in this cause concerning the use of extraneous offense evidence. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether Applicant had any other prior
felony convictions which could be substituted for the probated sentence to properly enhance
punishment to the second degree felony range. The trial court shall make findings of fact as to
whether the alleged enhancement error in this case could be cured by entering a judgment nunc pro
tunc. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 24, 2009

Do not publish